United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60003
Conference Calendar

_____

SHELIA GUNN, on behalf of Johnathan Gunn,

                                        Plaintiff-Appellant,

versus

TUSCALOOSA CITY SCHOOL SYSTEM; STATE OF ALABAMA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:04-CV-23
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Shelia Gunn, proceeding pro se, appeals the dismissal for
want of personal jurisdiction of her civil complaint in which she
alleged that the Tuscaloosa City School System and the State of
Alabama violated her son's civil rights in contravention of
federal and state law.  Gunn does not challenge on appeal the
basis for the district court's dismissal of her complaint and,
instead, reurges the claims raised in her complaint.

     When an appellant fails to identify any error in the
district court's analysis, it is the same as if the appellant had

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not appealed the judgment.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Gunn has not challenged the basis for the district court's dismissal of her complaint, she has abandoned the issue, and this court need not further address it.  See Brinkmann, 813 F.2d at 748.

For the first time on appeal, Gunn argues that a social worker for the Monroe County, Mississippi Department of Human Services had her arrested based on false allegations that Gunn had abused her son and her mother.  She also alleges that the Monroe County School District "allowed [her son's] eligibility to run out."  Because Gunn failed to present these claims to the district court, this court need not consider them.  See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997).

The district court's dismissal of Gunn's complaint is affirmed.  Gunn's motion to be appointed guardian ad litem is denied as unnecessary.

AFFIRMED; MOTION DENIED.